JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVIT NAZARYAN, et al., | No. 2:25-cv-07293-BFM |
| Plaintiffs, | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |
| v. | |
| DAVID M. RADEL, et al., | |
| Respondents. | |

**I.**

**BACKGROUND**

Plaintiffs filed this case in August 2025. (ECF 1.) In October 2025, Plaintiffs' counsel moved to withdraw representation as to Davit Nazaryan (ECF 7, 9) and the Court approved her request (ECF 11.) Plaintiffs then moved to remove counsel for the remaining Plaintiffs and proceed pro se. (ECF 15.)

Plaintiffs also moved to appoint Plaintiff Milena Davtyan as guardian ad litem for Plaintiff M.N., a minor. (ECF 16.) While the Court did not see a problem with Ms. Davtyan serving as M.N.'s guardian at litem, it noted that Ms. Davtyan could not proceed as such unless she is represented by counsel. (ECF 19 (citing *Johns v. Cnty of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).)

The Court therefore ordered Plaintiffs to either retain counsel for Ms. Davtyan or to voluntarily dismiss M.N.'s claims no later than January 5, 2026. (ECF 19.) The Court advised Plaintiffs that failure to "take either action by the time set by the Court, or seek an extension of time, if warranted, the Court will dismiss M.N.'s claims without prejudice." (ECF 19 at 2.)

On January 23, 2026, the Court issued an Order Regarding Service. (ECF 20.) The Court noted that Plaintiffs' Proof of Service suggested that Defendants were not properly served. The Court ordered Plaintiffs to either reserve the summons and Complaint in compliance with Federal Rule of Civil Procedure 4(i), or to inform the Court that they believed service was properly effected and to move for a default based on Defendants' failure to answer. (ECF 20 at 1-2.) The Court also reminded Plaintiffs that unless counsel entered an appearance for M.N., she would be dismissed from the case. (ECF 20 at 3.) Plaintiffs were warned that failure to comply with the Court's Order "may result in dismissal of the case for failure to prosecute." (ECF 20 at 2.)

As of the date of this Order, Plaintiffs have not filed a new proof of service or otherwise responded to the Court's last two orders, and the time to do so has passed.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to Plaintiffs' failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiffs' failure properly serve Defendants or to find representation for M.N. hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. It is Plaintiffs' responsibility, however, to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have not discharged this responsibility despite having been instructed on their responsibilities and granted sufficient time in which to discharge them. (*See* ECF 19, 20.) Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders or its obligations under the Federal Rules.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court attempted to avoid dismissal when it issued its January 23, 2026, Order, giving Plaintiffs an opportunity to comply with its obligations. Nonetheless, as of the date of this Order, Plaintiffs have failed to take any action or otherwise respond to that Order. The Court cannot move the case toward disposition without Plaintiffs' compliance with court orders or participation in this litigation.

Taking all the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, Plaintiffs were cautioned about the possibility of dismissal in the Court's January 23, 2026, Order. (ECF 20.)

## III.

## CONCLUSION

For these reasons, the court **dismisses this action without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. The Clerk of Court shall close this action.

DATED: March 3, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

4